CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 29 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ADi MOTORSPORTS, INC., f/k/a AMERICAN DETAIL, INC. d/b/a ADi MOTORSPORTS<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY L. HUBMAN,<br><br>THE HUBMAN FOUNDATION,<br><br>AND<br><br>MARIA LANKINA,<br><br>Defendants. | Case No. 4:06-CV-00038 |

### FINAL JUDGMENT AND PERMANENT INJUNCTION
### AS TO DEFENDANTS TIMOTHY L. HUBMAN
### AND THE HUBMAN FOUNDATION

This matter came before the Court on August 24, 2006 for determination of sums owed by Defendants Timothy L. Hubman ("Hubman") and The Hubman Foundation ("Foundation") to Plaintiff ADi Motorsports, Inc., f/k/a American Detail, Inc. d/b/a ADi Motorsports ("ADi") as well as ADi's motion for entry of a permanent injunction as to Hubman and Foundation. By prior Order of this Court dated August 15, 2006, and entered at Docket No. 27 in the record, default had been granted to ADi on all claims asserted against Hubman and Foundation.

Whereupon, the Court received evidence, in the form on testimony of Hassel Moran, President of ADi, and exhibits tendered at the hearing and took notice of previous affidavits and

attached exhibits filed in the record. After consideration of all the evidence presented, argument of counsel, the record of this matter and being otherwise sufficiently advised, the Court makes, as its FINDINGS, the following determinations as to the compensatory damages of ADi proven to the satisfaction of this Court, as well as credits to be reflected as informed by Adi, brought about and caused by the breaches, actual fraud and false representations of Hubman and/or Foundation.

| | | |
|---|---|---:|
| 1. | Balance owed under the written contract: | $273,000.00 |
| | *Credit monies received on 08/11/06:* | *54,600.00* |
| 2. | Cost of incidentals and materials advanced: | 10,901.00 |
| | *Credit for monies still held by ADi:* | *3,141.00*[1] |
| 3. | Per Va. Code § 8.01-27.1, legal interest at the rate of 6% per annum from April 19, 2006 to August 11, 2006 (114 days) on the amount of $54,600.00: | 1,023.19 |
| 4. | Per Va. Code § 8.01-27.1, bad check return fee: | 5.00 |
| 5. | Per Va. Code § 8.01-27.1, processing charge: | 35.00 |
| 6. | Per Va. Code § 8.01-27.1, reasonable attorney's fees equal to one-third the value of the bad check: | 18,200.00 |
| 7. | Balance owed under oral contract re Shawn Bayliff: | 373,000.00 |
| 8. | Oral contract for seat rental charge for VIR race: | 35,000.00 |
| 9. | Incidental expenses advanced re VIR race: | 95.00 |
| 10. | Lost income for seat rental for Watkins Glen race: | 35,000.00 |
| 11. | Lost income for seat rental for Miller Motorsports race: | 35,000.00 |
| 12. | Oral contract and lost income for ad rental on race car re ML Enterprises.com | 385,000.00 |

---

[1] Hubman paid ADi $25,000.00 to be used toward damage to ADi's race car as this was the amount of the deductible for insurance ADi procured. The race car was damaged and repaired at a cost of $21,859.00, leaving a balance of $3,141.00 still being held by ADi. ADi requests, and the Court agrees, that this sum can and should be applied as a credit toward the Judgment being entered.

| | | |
|---|---|---:|
| 13. | Lost profits for 2006 race season: | 180,000.00 |
| 14. | Damage to reputation and loss of goodwill: | <u>500,000.00</u> |
| | Total Compensatory Damages: | $1,846,259.19 |
| | *Total Credits to be applied:* | *57,741.00* |
| | **Total Compensatory Damages after application of credits:** | **$1,788,518.19** |

With regard to the claim for punitive damages, the Court specifically FINDS the evidence compelling and overwhelming that the conduct of Hubman, both individually and through Foundation, which he treated as his alter ego, was willful, wanton and malicious, demonstrated criminal indifference and a callous, calculated and conscious disregard for the rights of others and involved fraudulent conduct, intentional deceptive and misleading actions, and outright lies all to try to gain advantage for Hubman and/or Foundation with the intent to cause the compensatory damages set forth above and such actions were not isolated events, but part of an ongoing pattern of action extending over many years and across many states. The Court is further satisfied and hereby FINDS that the evidence is abundant that Foundation is not and has not fulfilled its stated charitable purposes, is a sham designed to try to insulate Hubman from others and the debts and obligations of Hubman are one and the same of Foundation and vice-versa.

The Court hereby FINDS that **punitive damages** are warranted in this case against both Hubman and Foundation and sets the amount at **$350,000.00**, the maximum allowed pursuant to Va. Code § 8.01-38.1.

Request having been made for the imposition of pre-judgment interest, the Court FINDS such request is well-taken in this case, fixes the start date for pre-judgment interest as April 19, 2006 and that the interest rate to be the same as allowed pursuant to 28 U.S.C. § 1961, namely the rate equal

to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding entry of Judgment, which, in this case, is 5.10% per annum and is to apply on all sums awarded. **Total pre-judgment** interest accrued, as of the date of entry of this Judgment, is **$39,143.67**.

The Court does hereby ADJUDGE, ORDER and DECREE that ADi shall take the sum of ONE MILLION SEVEN HUNDRED EIGHTY-EIGHT THOUSAND FIVE HUNDRED EIGHTEEN DOLLARS and 19/100 CENTS ($1,788,518.19), as compensatory damages after application of the credits listed above, plus THREE HUNDRED FIFTY THOUSAND DOLLARS and 00/100 CENTS ($350,000.00), as punitive damages, plus THIRTY-NINE THOUSAND ONE HUNDRED FORTY-EIGHT DOLLARS and 43/100 CENTS ($39,143.67), for accrued pre-judgment interest, for a total of **TWO MILLION ONE HUNDRED SEVENTY-SEVEN THOUSAND SIX HUNDRED SIXTY-ONE DOLLARS and 86/100 CENTS ($2,177,661.86)** from Hubman and Foundation, jointly and severely.

The Court does further award ADi its taxable court costs of $ 757.70 against Hubman and Foundation, jointly and severely. Included in this amount are two awards pursuant to Va. Code § 6.1-118.1 and § 18.2-183, as the Court specifically FINDS, on the basis of the evidence and record before it, that ADi complied with the provisions of Va. Code § 18.2-183 relating to notice and neither Hubman nor Foundation delivered payment of the bad check or evidence of bank error to ADi within five days of receipt of such notice. The amounts awarded are as follows:

1. Processing charge: 10.00
2. Witness fee: 240.00

Post-Judgment interest on the full amount awarded shall, pursuant to 28 U.S.C. § 1961,

commence upon entry of this Judgment at the rate of 5.10% per annum, with interest to be computed daily and compounded annually, and continue until this Judgment is fully satisfied.

With regard to ADi's Motion for a Permanent Injunction, the Court, after consideration of all the evidence received, the record of this matter and being otherwise sufficiently advise, FINDS the motion to be well taken and GRANTS this motion.

Wherefore, the Temporary Restraining Order granted by this Court on August 7, 2006 (Docket No. 17), and extended by way of Order entered on August 15, 2006 (Docket No. 27), against Hubman and Foundation is hereby ORDERED extended again until entry of this Court's Judgment against said Hubman and Foundation. Further, said Temporary Restraining Order is ADJUDGED, DECREED and ORDERED to remain in place permanently, in the form of a Permanent Injunction, until satisfaction of the full amount of the Judgment herein rendered. The Clerk shall attach an attested copy of the Temporary Restraining Order (Docket No. 17) as Attachment A, which shall now be treated as the Permanent Injunction and made a part of this Judgment. To avoid any confusion, to the extent there is any inconsistent language in Attachment A and this Judgment, the language of this Judgment controls.

Further, upon entry of this Judgment and Permanent Injunction, ADi is relieved of its obligation to post security in the amount of $50,000.00 for the prior Temporary Restraining Order and the Clerk is DIRECTED to refund said amount to ADi Motorsports, Inc. and forward said refund to its counsel of record.

This Judgment and Permanent Injunction as to Hubman and Foundation is deemed final, appealable and immediately enforceable. This action shall remain on the Court's active docket with regard to the claims involving the remaining Defendant, Maria Lankina.

So ADJUDGED, DECREED, ORDERED and ENTERED on this the 29th August, 2006.

*[signature]*
Hon. Jackson L. Kiser, Senior Judge

Entry of this Judgment and Permanent Injunction is requested by:

**s/ Anthony H. Monioudis**
Anthony H. Monioudis, Esq.  (VSB# 32691)
Michael A. Cole, Esq.       (VSB #70586)
**Counsel for Plaintiff,**
   **ADi Motorsports, Inc., f/k/a American Detail, Inc.**
   **d/b/a ADi Motorsports**
WOODS ROGERS PLC
341 Main Street, Suite 302
Danville, Virginia 24541
Telephone:   (434) 797-8200
Facsimile:   (434) 797-8214
E-mail:   monioudis@woodsrogers.com
        cole@woodsrogers.com