IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ADi MOTORSPORTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06CV00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TIMOTHY L. HUBMAN, ET. AL., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Before me now is Plaintiff ADi Motorsports Inc.'s ("Plaintiff's") Motion to Show Cause as to Why Timothy L. Hubman and the Hubman Foundation Should Not be Held In Contempt ("Motion for Contempt") against. In addition Defendant Timothy Hubman's Motion for Sanctions, made at oral argument, is also before this Court. Oral arguments have been heard and the case is ripe for decision. For the reasons stated herein, Plaintiffs' motion is **DENIED**. Defendant's Motion for Sanctions is also **DENIED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought suit against Defendants in this Court alleging, among other counts, breach of contract and fraud on July 18, 2006. Summonses were issued the next day to all defendants and returned executed by July 20, 2006. On July 28, 2006 the Plaintiffs petitioned for a Temporary Restraining Order against Defendants to prohibit the alienation of any property because the Defendants had not appeared at hearings and there was evidence that Defendants were seeking to hide assets from judgment in this case. I granted that Temporary Restraining Order ("TRO") on August 7, 2006 as to Defendants Hubman and The Hubman Foundation, but denied the order as to Defendant Lankina because there was no proof that she had notice of the hearings despite good faith efforts on behalf of Plaintiffs. A partial Default Judgment was also

granted against Defendants Hubman and the Hubman Foundation on August 15, 2006. On August 29, 2006, the TRO was made a permanent injunction and merged with the final judgment against Defendant Hubman.

The Plaintiffs filed this motion to hold Defendant Hubman in contempt for violating the TRO on September 15, 2006. The basis for the Plaintiff's belief that Hubman had violated the TRO was an email, a copy of which was attached to the brief in support of their motion to dismiss. In the email, Defendant Hubman advised a third party that the Hubman Foundation had assigned its rights to a $100,000.00 promissory note to MRR, LLC, directing the third party to pay the funds to MRR, LLC rather than to the Defendant. At first glance, it appears that the message was sent on August 14, 2006, which would be a clear violation of the TRO. However, from information presented at trial by Defendant Hubman, who appeared pro-se, it became clear that the email related to a transaction which had occurred on June 21, 2006–well before the TRO was in place. After entering his proof, Defendant Hubman made an oral motion for sanctions against the Plaintiffs for filing a fraudulent document with the court.

## II. LEGAL STANDARD

### A. Civil Contempt

"To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ...that the decree was in the movant's "favor"; (3) ...that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ...that [the] movant suffered harm as a result." *JTH Tax, Inc. v. H&R Block E. Tax Servs.*, 359 F.3d 699, 705 (4th Cir. 2004) (*quoting*

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

    B.    Rule 11 Sanctions

Fed. R. Civ. P. 11 (b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>     (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>     (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11 (c) allows courts to impose sanctions on parties for violations of Rule 11 (b), "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." "[I]n order to determine 'improper purpose,' a district court must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent. . . . [I]t is appropriate to consider the signer's subjective beliefs to determine the signer's purpose in filing suit, if such beliefs are revealed through an admission that the signer knew that the motion or pleading was baseless but filed it nonetheless." *In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990). Regarding sanctions, "the least severe sanction adequate to serve the purposes of Rule 11 should be imposed." *Id.* at 522.

### III. DISCUSSION

    **A. MOTION FOR CONTEMPT**

In this case, it became clear that the alleged contemnor, Defendant Hubman, had not

3

violated the terms of the decree by his actions. The Defendant's exhibits entered at the hearing proved conclusively that the transfer of funds had occurred before the TRO had taken effect, and the Plaintiff attempted to withdraw his motion.

### B. RULE 11 SANCTIONS

After revealing the falsity of the evidence against him, Defendant Hubman orally moved for sanctions, citing Virginia law. As a "pro se litigant's pleadings should be construed liberally to avoid inequity[,]" I construed the Defendant's motion as one for Rule 11 sanctions. *Wright v. Moore*, 182 Fed. Appx. 188, 189 (4th Cir. 2006).

The email exhibit presented by the Plaintiffs for their motion for contempt was misleadingly dated so as to appear to fall within the TRO period. So while there was no factual support for the contempt motion, the question remains whether the Plaintiff's attorney had conducted reasonable inquiry into the exhibit or had presented it for any improper purpose. The determination of reasonableness and improper purpose is done under an objective standard. *In re Kunstler*, 914 F.2d at 519. Given the unusual history of this case, the Plaintiff's attorney was justified in relying on the email. Until this appearance, the Defendant had filed no answer to the Complaint, had responded to no other motions, and had not appeared before the Court for any hearings. During this litigation, the Defendant gave no indication that he intended to honor his obligations to the Plaintiffs and one could reasonably infer that the Defendant did not respect the proceedings and had no intent to be bound by them. Given that the Defendant owes the Plaintiff over $2 million, it is also reasonable that the Plaintiffs' only motive in filing this motion was to insure payment of some of the obligation, rather than to harass or add needless increase to the litigation.

4

**IV. CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Contempt is **DENIED**. Defendant's Motion for Sanctions is also **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 20th day of October, 2006.

        s/Jackson L. Kiser
        Senior United States District Judge